UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEVEN D. COLLYMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-10568-LTS |
| | ) | |
| LT. ROBERT MCLAUGHLIN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON MOTION TO DISMISS

November 7, 2016

SOROKIN, D.J.

For the reasons that follow, the Court ALLOWS IN PART and DENIES IN PART Defendant Lieutenant Robert McLaughlin's Motion to Dismiss (Doc. 22).

I.   BACKGROUND

On March 16, 2016, Plaintiff Steven D. Collymore filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that Defendant violated his civil rights under the Fourteenth Amendment.[1]  Doc. 1 at 1, 3.  When Plaintiff filed the Complaint, he was a detainee

---

[1] After Defendant filed the instant Motion, Plaintiff filed a "revised complaint," which the Clerk designated as an "Amended Complaint."  Doc. 28 at 3.  The Amended Complaint consists of a single short paragraph restating certain facts from the original Complaint in a slightly different way.  Id. at 1.  The Amended Complaint does not refer to the original Complaint.  Unlike the original, the Amended Complaint does not assert a basis for jurisdiction, state which laws Defendant allegedly violated, or request any relief.  Typically, an amended complaint that makes no reference to the original complaint supplants the original.  61B Am. Jur. 2d Pleading § 789.  However, Plaintiff is *pro se* and therefore receives some latitude with procedural rules.  Barrett v. Lombardi, 239 F.3d 23, 28 (1st Cir. 2001).  Additionally, after reviewing the Amended Complaint, Defendant stated he would continue to rely on the instant Motion.  Doc. 30.  For all of these reasons – the Amended Complaint's bareness, the similarity between its factual allegations and the original Complaint's, Plaintiff's *pro se* status, and Defendant's choice not to withdraw or amend the instant Motion – the Court considers Plaintiff's Amended Complaint as a supplement to the original Complaint.

at the Nashua Street Jail, which the Suffolk County Sheriff's Department operates.[2]  Doc. 1-1 at 2; Doc. 23 at 1 n.1.  Plaintiff claims that Defendant, a supervisor at the jail and an employee of the Sheriff's Department, violated his civil rights under the Fourteenth Amendment.  Doc. 1 at 2-3.  Plaintiff states that on December 21, 2013, he was working in his jail unit and one of his duties was "to pass out juice," but Defendant "requested/ordered I stop serving juice because I was a gay male."  Id. at 3.  Plaintiff states that Defendant "expressly informed" him that he was not allowed, "under [any] circumstances," to handle or serve food or beverages "due to [his] sexual orientation."  Doc. 28 at 1.  Plaintiff states that Defendant "knew or should have known [that] ordering [him] to cease serving juice because he was a gay male violated [his] civil rights."  Doc. 1 at 3.  Plaintiff sues Defendant in his personal and official capacities.  Id. at 2.  Plaintiff seeks compensatory damages, punitive damages, nominal damages, an injunction against Defendant not to engage in further "discriminatory practices," and a declaratory judgment that Defendant's actions were unlawful.  Id. at 4.

On May 19, 2016, Defendant filed the instant Motion to Dismiss.  Doc. 22.  Defendant argues that (1) Plaintiff may not sue him in his official capacity; (2) Plaintiff has not stated a Fourteenth Amendment claim, as he has not identified any liberty interest that was violated; (3) Defendant is entitled to qualified immunity, as Plaintiff has not alleged the violation of a clearly established right; and (4) Plaintiff is not entitled to either injunctive or declaratory relief.  Id.

On July 27, 2016, Plaintiff filed a response to the instant Motion.  Doc. 37.

---

[2] Since filing the Complaint, Plaintiff has left the jail and returned home.  Doc. 42.

II.     DISCUSSION

In considering the instant Motion, the Court must accept the Complaint's factual allegations as true and draw all reasonable inferences from those allegations in Plaintiff's favor. Saldivar v. Racine, 818 F.3d 14, 16 (1st Cir. 2016). Because Plaintiff is *pro se*, the Court must also liberally construe the Complaint. Voravongsa v. Wall, 349 F.3d 1, 8 (1st Cir. 2003). To survive a motion to dismiss, a complaint "must provide fair notice to the defendants" and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bruns v. Mayhew, 750 F.3d 61, 71 (1st Cir. 2014) (citation and internal quotation marks omitted); Ashcroft v. Iqbal, 556 U.S. 662, 678 (citation and internal quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citation omitted); see also id. at 679 (noting that a complaint must "permit the court to infer more than the mere possibility of misconduct") (citation omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (citation omitted).

    A.     Plaintiff's Claims for Damages

        1.     Official Capacity Claims

Plaintiff sues Defendant for damages in his official capacity. Doc. 1 at 2, 4. State officials may not be sued in their official capacity for damages under Section 1983. Fantini v. Salem State College, 557 F.3d 22, 33 (1st Cir. 2009). Defendant is considered a state official because the Commonwealth of Massachusetts controls the Suffolk County Sheriff's Department and "all of its employees." Maraj v. Massachusetts, 836 F. Supp. 2d 17, 25 (D. Mass. 2011)

(citing Mass. St. 2009, c. 61). Thus, the Court dismisses Plaintiff's damages claims against Defendant in his official capacity.

### 2. Individual Capacity Claims

Plaintiff also sues Defendant in his personal capacity for damages. Doc. 1 at 2, 4. As a "general executive official[]," Defendant has qualified immunity to such a claim. Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 109 (1st Cir. 2015) (citation omitted). He is therefore immune unless the Complaint "plausibly demonstrate[s]" that (1) he violated one of Plaintiff's federal rights; and (2) the right that he violated was "clearly established," i.e., was "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Id.; Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (citation and internal quotation marks omitted). Courts must not "define clearly established law at a high level of generality" but inquire into "whether the violative nature of *particular* conduct is clearly established." Mullenix, 136 S. Ct. at 308 (emphasis in original; citations and internal quotation marks omitted). While there need not be a "a case directly on point, . . . existing precedent must have placed the statutory or constitutional question beyond debate." Id. (citation and internal quotation marks omitted).

Defendant argues he is entitled to qualified immunity because Plaintiff has not stated any Fourteenth Amendment claim, let alone a claim that Defendant violated a clearly established right. See Doc. 23 at 6-8. More specifically, Defendant argues that Plaintiff has not stated a Fourteenth Amendment claim because the ability to "serve juice" is not a protected liberty interest under the Due Process Clause. Id. at 6. Judging by this argument – and by the absence of the phrase "equal protection" from the instant Motion – Defendant apparently assumes that

only due process claims are cognizable under the Fourteenth Amendment.  Of course, the Fourteenth Amendment contains not only the Due Process Clause but also the Equal Protection Clause.  Although a plaintiff must allege the unfair deprivation of a liberty interest to state a due process claim, Swarthout v. Cooke, 562 U.S. 216, 220 (2011), a plaintiff need not have a liberty interest to state an equal protection claim.  Austin v. Terhune, 367 F.3d 1167, 1170 (9th Cir. 2004); Higgason v. Farley, 83 F.3d 807, 810 (7th Cir. 1996); Moorman v. Thalacker, 83 F.3d 970, 972-73 (8th Cir. 1996); see also Sandin v. Conner, 515 U.S. 472, 487 n.11 (1995); Massachusetts v. U.S. Dept. of Health and Human Services, 682 F.3d 1, 8 n.4 (2012).  Rather, to state such a claim, a plaintiff must simply allege that "compared with others similarly situated, [he] was treated differently [by a state official] because of an improper consideration." Kuperman v. Wrenn, 645 F.3d 69, 77-78 (1st Cir. 2011) (citation omitted).  Thus, while Defendant is correct that Plaintiff has not alleged the violation of a liberty interest, he is incorrect that the absence of such an allegation precludes a claim under the Fourteenth Amendment.

Construing the Complaint liberally, assuming its factual allegations are true, and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has stated a claim that Defendant violated a clearly established right under the Equal Protection Clause.[3]  If it is true that Defendant ordered Plaintiff to stop handling food or drinks explicitly because he is gay, it is reasonable to infer that the order was "born of animosity" toward homosexuals and thus unrelated to any legitimate governmental interest.  Romer v. Evans, 517 U.S. 620, 634-35 (1996); see also Cook v. Gates, 528 F.3d 42, 61 (1st Cir. 2008); Wirzburger v. Galvin, 412 F.3d 271, 285 (1st Cir. 2005).  Under the Equal Protection Clause, Plaintiff has a clearly established right to be free of governmental

---

[3] The Complaint, especially when construed liberally, naturally reads as alleging an equal protection violation.  Moreover, in his response to the instant Motion, Plaintiff explicitly clarifies that he is alleging such a violation, as opposed to a due process violation.  Doc. 37 at 1.  Nevertheless, Defendant has chosen not to file a reply.

classifications that seek "not to further a proper . . . end but to make [homosexuals] unequal to everyone else." Romer, 517 U.S. at 635; see also Johnson v. Johnson, 385 F.3d 503, 532-33 (5th Cir. 2004) ("Neither the Supreme Court nor this court has recognized sexual orientation as a suspect classification [or protected group]; nevertheless, a state violates the Equal Protection Clause if it disadvantages homosexuals for reasons lacking any rational relationship to legitimate governmental aims.") (citing Romer, 517 U.S. at 631-32).[4] After Romer, any reasonable official would understand that he is not permitted to order gay prisoners to stop handling food or beverages based on animus. Thus, Defendant is not entitled to qualified immunity at this stage.

      B.     Plaintiff's Request for Injunctive Relief

Plaintiff sues Defendant for injunctive relief. See Doc. 1 at 4. He asks the Court to issue an injunction against Defendant not to engage in further discriminatory practices. Any claim for injunctive relief is moot because Plaintiff has left the Nashua Street Jail where Defendant is employed and where his constitutional rights were allegedly violated. See supra n.2; Town of Portsmouth, R.I. v. Lewis, 813 F.3d 54, 58 (1st Cir. 2016). Thus, Plaintiff's injunctive relief claim against Defendant in his official capacity must be dismissed as moot.

---

[4] In Johnson, the plaintiff, a gay ex-prisoner, claimed that prison officials violated his right to equal protection because they chose not to protect him from sexual assaults on account of his sexual orientation. 385 F.3d at 514. The defendant prison officials filed a motion to dismiss arguing that the plaintiff failed to allege a violation of clearly established federal law. Id. at 532. The Fifth Circuit disagreed, finding it clearly established that state officials may not disadvantage homosexuals for irrational and illegitimate reasons. Id. While the alleged harm in this case is obviously not as grave as failing to protect someone from sexual assault, it is not a trivial harm either. An official order that gay inmates may not handle food or beverages encourages a discriminatory perception that homosexuals are unhygienic, which could easily lead to their ostracization and persecution.

    C.    <u>Plaintiff's Request for Declaratory Judgment</u>

Plaintiff requests a declaration that Defendant acted unlawfully.  Doc. 1 at 4.  Under the Declaratory Judgment Act, the Court has "substantial discretion in deciding whether to declare the rights of litigants."  <u>MedImmune, Inc. v. Genentech, Inc.</u>, 549 U.S. 118, 136 (2007) (citations and internal quotation marks omitted).  In making such a decision, the Court will typically consider any facts bearing on "the usefulness of the declaratory judgment remedy" and "the fitness of the case for resolution."  <u>Id.</u> (citation and internal quotation marks omitted).  Declaratory judgment is obviously inappropriate at this early stage of litigation, when the Court is not certain of any facts.  That said, the Court sees no reason to dismiss Plaintiff's request for declaratory relief yet.

III.    <u>CONCLUSION</u>

For the foregoing reasons, the Court ALLOWS IN PART and DENIES IN PART Defendant's Motion to Dismiss (Doc. 22).  The Court ALLOWS the Motion to the extent Defendant seeks dismissal of any claim for damages against him in his official capacity and any claim for injunctive relief.  The Court DENIES the Motion to the extent Defendant seeks dismissal of any claim for damages against him in his individual capacity or any claim for declaratory judgment.

The Clerk shall schedule a Rule 16 Conference with the parties and mail this Order to Plaintiff, in addition to placing it on the case's ECF docket.

                                        SO ORDERED.

                                         /s/ Leo T. Sorokin
                                         Leo T. Sorokin
                                         United States District Judge